1
2
3
4
5
6
7
8
9   UNITED STATES DISTRICT COURT
10  DISTRICT OF NEVADA
11  * * *

| | |
|---|---|
| TOLAVIUS TIMMONS, | Case No. 2:16-cv-02229-JCM-NJK |
| Plaintiff, | ORDER |
| v. | |
| CLARK COUNTY DETENTION CENTER, *et al.*, | |
| Defendants. | |

Presently before the court is defendant Williamson's motion to dismiss. (ECF No. 19). Plaintiff Tolavius Timmons filed a response (ECF No. 19), to which Williamson replied (ECF No. 30).

Also before the court is Williamson's motion to strike. (ECF No. 32). Timmons filed a response. (ECF No. 36). Williamson did not file a reply and the time to do so has passed.

Also before the court is defendant NaphCare, Inc.'s ("NaphCare") motion to dismiss. (ECF No. 42). Timmons did not file a response and the time to do so has passed.

. . .

. . .

. . .

## I. Facts

This is a § 1983 civil rights action arising from Timmons' pre-trial detention at the Clark County Detention Center ("CCDC"). (ECF No. 9). Timmons alleges the following facts in his second amended complaint:

In February 2016, Timmons had a doctor visit with Williamson to remove staples from a wound on his leg. *Id.* Prior to treating Timmons, Williamson placed him on used shower chairs and unclean general population seats. *Id.* These unclean conditions caused Timmons to get a yeast infection in his leg, preventing his wound from healing properly. *Id.* Williamson also inadvertently pushed one of the staples further into Timmons' leg. *Id.*

Timmons complained about pain in his leg, but defendant nurse Pat did not allow him to see a doctor. *Id.* Timmons filed a grievance, but CCDC's staff did not take any corrective actions. *Id.* Eventually, the medical staff performed an x-ray and found a foreign object lodged in Timmons' leg. *Id.* Nevertheless, CCDC's staff still did not remove the staple. *Id.*

In March 2016, Timmons requested attention for multiple medical issues and told Williamson about his need to be placed on the medical tier. *Id.* Timmons was given medications but his leg issue was not addressed and he was not placed on the medical tier. *Id.* Thereafter, Timmons filed another grievance for not being placed on medical tier, being exposed to unsanitary surfaces, and having extreme pain in his leg. *Id.* CCDC did not take any corrective actions. *Id.*

Timmons also notified NaphCare that he had a toothache and cavity. *Id.* In September 2016, a dentist examined Timmons and told him that he had a serious condition that required antibiotics. *Id.* Timmons filed a grievance, claiming that his dental care was improperly delayed for six months. *Id.* Some time prior to January 2017, Timmons met with a second dentist. *Id.* After Timmons refused to pay for any treatment, the dentist declined to provide medical services and removed Timmons from his office. *Id.*

Timmons filed another grievance in which he complained about the dentist's medical services. *Id.* CCDC's staff did not take any corrective actions. *Id.*

Timmons initiated this action on September 21, 2016. (ECF No. 1). On July 26, 2017, Timmons filed a second amended complaint, asserting four counts of deliberate indifference to a serious medical need under the Due Process Clause of the Fourteenth Amendment. (ECF No. 9). On November 7, 2018, Timmons filed a third amended complaint. (ECF No. 31).

Now, Williamson moves to (1) strike the third amended complaint because Timmons' did not obtain the court's leave to amend the complaint and (2) dismiss the second amended complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 19, 32). NaphCare also filed a Rule 12 motion to dismiss. (ECF No. 42).

## II. Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

3

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Before the court are three motions. First, the court will grant Williamson's motion to strike because Timmons did not obtain the court's leave prior to filing the third amended complaint. Second, the court will deny Williamson and NaphCare's motions to dismiss because Timmons has plausibly pleaded deliberate indifference under the Due Process Clause of the Fourteenth Amendment.

*a. Strike*

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion seeking leave of the court to file an amended pleading." LR 15-1(a).

Timmons filed a third amended complaint on November 7, 2018, without first obtaining the court's leave. *See* (ECF No. 31). Therefore, the court will strike the third amended complaint because Timmons did not comply with Rule 15(a)(2) and Local Rule 15-1(a).

*b. Failure to state a claim*

Both Williamson and NaphCare argue that Timmons has alleged a medical malpractice claim disguised as a deliberate indifference claim. (ECF Nos. 19, 42). Thus, Williamson and Naphcare insist that the court should dismiss the second amended complaint for failure to include an affidavit from a medical professional pursuant to NRS 41A.071. (ECF Nos. 19, 42). The court disagrees.

Pretrial detainees may bring a deliberate indifference claim under the Due Process Clause of the Fourteenth Amendment. *Gordon v. County of Orange*, 888 F.3d 1118 at 1124 (9th Cir. 2018). Courts evaluate Fourteenth Amendment deliberate indifference claims under the same objective standard as Eighth Amendment deliberate indifference claims. *Id.*; *see also Castro v. County of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (en banc).

To state a claim for deliberate indifference, a plaintiff must allege (1) the defendant made an intentional decision with respect to the conditions under which plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved; and (4) by not taking such measures, the defendant caused plaintiff's injuries. *Gordon*, 888 F.3d at 1125.

The third element requires the court to consider whether the defendant's conduct is "objectively unreasonable." *Id*. A plaintiff must allege "something akin to reckless disregard." *Id*.

Timmons alleges that he informed CCDC's staff on multiple occasions that he (1) sustained an infection in his leg due to unsanitary treatment conditions, (2) had severe

pain from having a staple lodged into his leg, and (3) had a severe infection in his mouth. (ECF No. 9). Timmons also alleges that CCDC's medical staff, despite having direct knowledge of his medical condition, caused him to suffer further harm by failing to take any corrective measures. *Id.*

These allegations plausibly support Timmons' deliberate indifference claims and are not a medical malpractice claims in disguise. Therefore, because NRS 41A.071 does not apply to the counts in the second amended complaint, the court will deny Williamson and NaphCare's motions to dismiss.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Williamson's motion to dismiss (ECF No. 19) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Williamson's motion to strike (ECF No. 32) be, and the same hereby is, GRANTED

IT IS FURTHER ORDERED that NaphCare's motion to dismiss (ECF No. 42) be, and the same hereby is, DENIED.

DATED March 20, 2019.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE